CASE 36—INDICTMENT FOR HOMICIDE—MARCH 24.

# Wade v. Commonwealth.

APPEAL FROM GRANT CIRCUIT COURT.

1. CRIMINAL LAW—RIGHT TO WAIVE KEEPING JURORS TOGETHER.—The right to have accepted jurors kept together in charge of the sheriff in a felony case is a statutory and not a constitutional right and may be waived by the defendant.
2. SAME—INSTRUCTIONS—SELF-DEFENSE.—An instruction on the subject of self-defense in a homicide case that "if they shall further believe from all the evidence herein that the accused, at the time he shot and killed said Pepler, had reasonable grounds

[ 21 ]

Wade v. Commonwealth.

to believe, and did believe, from all the circumstances as they appeared to him, that the said Pepler was then and there about to take his life, or inflict upon his person some great bodily harm, he had a right to use any means at his command that were to him apparently necessary" is not erroneous to the prejudice of defendant by reason of the use of the words "from all the circumstances as they appeared to him."

.3. SAME—EVIDENCE.—It was competent for the Commonwealth to show as bearing on the question of malice that the deceased and defendant had a quarrel over some whisky a few hours before the killing.

W. W. DICKERSON FOR APPELLANT.

1. The court erred in refusing to discharge the jury. Crim. Code, sec. 244; and this error could not be waived. French v. Com., 18 Ky. Law Rep., 575.

2. The instruction on the subject of self-defense was unduly qualified.

3. The court admitted incompetent evidence.

W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE.

1. The error in the formation of the jury was waived. Pierson v. People, 79 N. Y., 424; Thompson on Trials, vol. 1, p. 115.

2. The instruction on self-defense was not prejudicial, and was substantially in the form usually given. Sackett's Instructions to Juries, p. 528.

3. The evidence complained of was competent to show malice.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellant, having been convicted of manslaughter, and sentenced to eighteen years' imprisonment in the penitentiary, seeks reversal in this court.

After seven jurors had been accepted by the Commonwealth and placed in the box, the court adjourned for dinner, cautioning the jurors who had been accepted not to talk to any one, or permit any one to talk to them, about the case, but omitting to provide that the jury should be kept together. The jury went at large during the dinner hour. Upon the reassembling of the court, defendant

moved to discharge the seven jurors, upon the ground that
they had not been kept together; and the trial judge said
that his failure to act in that behalf was through inadvert-
ence, and that he would sustain the motion, whereupon
defendant's counsel withdrew the motion.  Five other jur-
ors were then selected and placed in the box, and the de-
fendant then moved to discharge the twelve jurors, upon
the ground that the seven jurors who had not been kept
together were among the number, which motion was over-
ruled by the court, upon the ground that defendant had
waived his right in that behalf by withdrawing his former
motion.  Undoubtedly, if he had the power to waive his ob-
jection to the seven jurors, he did so by his action in this
case.

But it is earnestly contended by counsel for appel-
lant that this was a right which he could not waive, and
the rulings of the court upon the question of waiver of jury
trial, or consent to be tried by eleven jurors, are relied
upon.  Those cases, however, do not seem to us to apply
to the case at bar.  The right to a trial by jury—which is
construed to mean a trial by a jury of twelve men—is a
constitutional one, and this court, whether right or wrong,
has held it to be a right which can not be waived.  It has
not, so far as we are informed, been so decided as to any
merely statutory right, where no prejudice is shown to
have resulted to the accused.  We are of opinion that the
right to have the jury kept together was one which he
might waive, and that he did so in this instance.  Pierson
v. People, 79 N. Y., 424. [35 Am. R., 524].

It is further complained that the instruction as to self-
defense was erroneous.  That instruction was in the usual
form, except that the words italicized below were inserted:
".  .  .  Yet, if they shall further believe, from all the

evidence herein, that the accused, at the time he shot and killed said Pepler, had reasonable grounds to believe, and did believe, *from all the circumstances as they appeared to him,* that the said Pepler was then and there about to take his life, or inflict upon his person some great bodily harm, he had a right to use any means at his command that were to him apparently necessary," etc., etc. It is suggested that, by the instruction that if the accused believed, from *all the circumstances,* that his life was in danger, etc., the jury were restricted in their consideration of the evidence as to whether his life was in danger, or whether he had reasonable grounds to so believe, and that threats previously made were withdrawn from their consideration. We do not so regard it. The phrase complained of is an extremely broad one, and, while not customarily used in such instructions in this Commonwealth, is frequently used in the self-defense instructions in other States, and seems to us—if it can be assumed to make any change in the meaning of the instruction—to tend rather to the advantage of the accused. Sackett's Instructions to Juries, p. 528.

It appears from defendant's own testimony that he had been accused by the deceased of stealing whisky, and complaint is made in the brief that the Commonwealth introduced testimony concerning the theft of the whisky. But an examination of the record does not show that the Commonwealth introduced any testimony upon that subject, but simply that, a few hours previous to the killing, a quarrel took place between the two men about some whisky; and this was clearly competent, as tending to show malice. Moreover, the testimony as to the altercation was beneficial to appellant, as it showed that, some two hours before the killing, the deceased, with a knife in his hand, started at appellant, and then took off his coat, and offered

to fight. It did not appear, from the testimony of the Commonwealth, that any charge of theft had ever been made against appellant.

Certain other testimony complained of in the brief does not appear in the record. For the reasons stated, the judgment is affirmed.

The whole court sitting.