6958

MAY & GLOVER v. AUGUSTA & AIKEN RY. CO.

1. Appeal—Magistrate.—This Court cannot consider an exception alleging as error that finding of magistrate was against preponderance of the evidence.

2. Evidence—Harmless Error.—Exclusion of evidence of no substantial value to appellant and which could have no effect on conclusion of trial court is harmless, if error.

Before MEMMINGER, J., Aiken, October, 1907. Affirmed.

Action by May & Glover against Augusta and Aiken Railway Company. From Circuit judgment affirming judgment of Magistrate D. H. Turner, defendant appeals. The magistrate made the following report:

"This is an action for damages to goods, and the penalty of fifty dollars for failing to adjust the loss within ninety days. The summons and complaint were duly served and the defendant duly answered, in which it is alleged that it had not sufficient information to form a belief, and denied each and every allegation except as to its corporate capacity, and further alleged that the act is unconstitutional, in that it attempts to regulate, burden and control interstate commerce contrary to art. I, sec. 8, of the Constitution of the United States, and of the acts of Congress regulating commerce: but defendant's counsel did not urge this point raised as to the constitutionality of the act, but announced to the Court that he reserved that for argument in the higher courts.

"I herewith transmit the evidence in writing. The case was tried without a jury.

"During the trial of the case defendant's counsel announced that the defendant admitted that it received the goods for shipment as alleged, but simply denied its liability for the damages alleged.

"That was the sole question submitted to me. I found as matter of fact that all the material allegations of the complaint were made out, and gave judgment for plaintiffs against defendant for one dollar damages and the penalty of fifty dollars and the costs of the action.

"Notice of appeal was duly served. The first and second grounds are disposed of above. The third ground is that plaintiffs failed to prove the damages.

"The defendant offered no evidence as to the extent of the damages except that of a colored man from Aiken, A. T. Tilley, as an expert, who swore he had never seen the chair

and knew nothing of the construction, nor the material of which made, nor the finish. He was simply offered as an expert, but no hypothetical question was asked him. Plaintiffs' counsel moved to strike it out on the ground that as he had no knowledge of the construction, finish, material and extent of the injury, he could not determine the amount of damage done to the chair. Whereas, plaintiffs' witnesses, who had seen the chair, swore positively that it was damaged to the extent of one dollar; some swearing that it cost $1.85 and that in its condition it was worth nothing. I, therefore, decided that regardless of what it might have cost to repair it, the damages was one dollar. Considering the evidence of Tilley, the great preponderance was on the side of the plaintiffs.

"The fifth ground is that the claim was not filed with the agent. The undisputed evidence was it was filed with Mr. Yaun, and that he was acting as agent, receiving the goods and collecting the money for the company, and all of his acts were ratified by the company.

"And further, plaintiffs proved by defendant's witnesses that the claim was handed from one agent to another of the company, and that there is no office nor station house at Graniteville, but that goods are laid on the ground and left for the agent to come and get them; and Mr. Yaun was for a long time attending to this business for the company; that the company checked up his accounts and received the money from him, and I, therefore, found as a fact that he was such an agent as is contemplated by the act.

"As to the sixth: While it is true that the question to Mr. Ramsey was at first ruled out, after other preliminary questions were asked, I allowed the question and the answer.

"There being no jury, I was not prejudiced by this ruling, but I weighed the question and answer fully, and decided that there was such an agent as is contemplated by the act; that the defendant had ratified all of Mr. Yaun's acts until this claim arose, and that now it was too late, and also contrary to justice to deny him as agent for this single act.

"Having found these matters of fact I rendered my judgment as above stated.

"All of which is respectfully submitted."

*Messrs. Boykin Wright, Geo. T. Jackson* and *J. A. Salley,* for appellant. *Mr. Salley* cites: *Claim must be filed with agent at destination:* 71 S. C., 274; 69 S. C., 325. *Under facts here opinion evidence as to the value of the chair was admissible:* 59 S. C., 315; 69 S. C., 104. *If evidence does not warrant finding of amount of claim filed no penalty is recoverable:* 72 S. C., 483; 73 S. C., 71; 69 S. C., 325. *Measure of damages:* 76 S. C., 341; 75 S. C., 58; 77 S. C., 182. *Consignee must use every reasonable means to reduce damages:* 5 Ency., 383; 69 S. C., 539; 73 S. C., 385; 75 S. C., 361.

*Messrs. John R. Clay* and *Sawyer & Owens,* contra *Messrs. Sawyer & Owens* cite: *This Court will not reverse findings of fact below in such case unless they are without evidence to support them:* 73 S. C., 83. *Question eliciting an expert opinion must be stated hypothetically:* 1 Green. Ev., sec. 440; 59 S. C., 314; 8 Ency. P. & P., 752, *et seq.;* 20 S. C., 451.

July 14, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiffs filed a claim against defendant for one dollar damage to a chair broken by defendant in transporting it from Augusta, Ga., to Graniteville, S. C. The claim not having been paid within ninety days, the plaintiffs sued, and recovered judgment in the court of Magistrate D. H. Turner for the amount of the claim and fifty dollars, the statutory penalty. The judgment of the magistrate was affirmed by the Court of Common Pleas.

The first and second exceptions, relating to the constitutionality of the penalty statute, were abandoned. The clear

and excellent report of the magistrate shows the other grounds of appeal are without merit.

In the third, fourth and fifth exceptions, the defendant complains that the decision of the magistrate as to the amount of the damage to the chair, and as to the agency of the person with whom the claim was filed, was opposed to the overwhelming preponderance of the testimony. By implication the defendant admits in these exceptions that there was some evidence to sustain the finding of the magistrate on these points. On this evidence, the Circuit Court having sustained the magistrate's findings of fact, this Court cannot review them.

The sixth exception, complaining of the exclusion of this question, "Was there any other agent than Mr. A. J. Jones at Graniteville on December 15, 1906?" has no foundation. The record shows the answer to the question was admitted.

The seventh exception assigns error in the granting of the motion to strike out the testimony of one Tilley. This witness testified he repaired furniture, and in his opinion the cost of mending the chair would be seventy-five cents instead of one dollar, as the witnesses for plaintiffs had testified it actually was. But he admitted he had never seen the chair and did not know what kind it was. His testimony was, therefore, of no substantial value, and it could not have had any effect on the conclusion of the magistrate. But in addition to this, the magistrate in his report says, even taking Tilley's evidence into consideration, the great preponderance was on the side of the plaintiffs.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.