## SAMUEL FINK and Another v. UNITED AMERICAN FIRE INSURANCE COMPANY OF MILWAUKEE and Others.[1]

April 13, 1911.

Nos. 16,968—(53).

**Insurance policy — ownership of property.**

The question at issue was whether plaintiffs had purchased from interveners, prior to its execution, the personal property described in a certain lease of real estate. *Held*, the jury was authorized by the instructions to take the lease into consideration in determining that question.

**Trial — exception.**

An exception to a statement by the court that it was inclined to hold that the right of peremptory challenge of a juror did not exist was not a ruling on the question; no particular juror having been challenged.

Action in the district court for Ramsey county to recover upon certain fire insurance policies. See 109 Minn. 422, 124 N. W. 7. The second trial was before Brill, J., who submitted to the jury the following questions: 1. "Who were the owners of the personal property covered by the two insurance policies at the time the policies were issued?" Answer. Samuel and Benjamin Fink. 2. "Was the risk to the personal property covered by the two policies of insurance increased by the installation and operation of the pump and electric motor in the areaway by the gas company?" Answer. No. From an order denying interveners' motion for a new trial, they appealed. Affirmed.

*G. S. Ives,* for appellants.

*C. D. O'Brien* and *Oscar F. Christensen,* for respondents.

[1]Reported in 130 N. W. 944.

114 M.—12.

LEWIS, J.

A full statement of the facts in this case will be found in the decision on the former appeal. 109 Minn. 422, 124 N. W. 7. Upon the second trial the court submitted the question of ownership to the jury in the following form: "Who were the owners of the personal property covered by the two insurance policies at the time the policies were issued." And the jury answered that plaintiffs were the owners. The court then found that the plaintiffs were entitled to recover the full amount of the insurance, and the interveners appealed from the order denying their motion for a new trial.

The former decision disposed of several of appellants' objections, and the only question raised by the assignments of error, which merits notice, is whether the trial court withdrew the lease from the consideration of the jury while they were passing on the question of ownership.

Plaintiffs claimed that the purchase of the personal property was made by them June 22 at the farm, and that no change in the agreement was made from that time to the date of the execution of the lease, June 30; and the court instructed the jury that if the purchase was made as claimed by plaintiffs, and it was not modified prior to the execution of the lease, then plaintiffs continued the owners down to the time of the fire. The court also stated that, in determining what took place after June 22, the jury should take into consideration "all the evidence bearing upon that question and the evidence of what took place up to the time of the signing of the agreement or lease," and again the court stated that the question of ownership "depends upon whether the property was sold to the Finks up to the time of the execution of this lease." These excerpts, when considered in connection with the entire charge, make it clear that the court did not intend to restrict the jury, so that they would not take the lease into consideration.

It was undisputed that the sale, if any, took place prior to the execution of the lease. There was no evidence of a sale after that time. If the property belonged to the interveners, the lease amounted to a conditional sale to plaintiffs; but if plaintiffs had already

purchased the property, then the lease was consistent with their ownership, and the property was mortgaged to interveners as security. In considering who were the owners, the lease itself was proper for consideration, in connection with all the evidence bearing on the question, and the instructions are not fairly open to the criticisms advanced.

The court ruled that interveners had the separate right to challenge jurors, and that the order of challenge should be: Defendant; interveners; plaintiffs. The record shows that a colloquy occurred between the court and counsel as to the right of interveners to interpose their third peremptory challenge to a talesman; the plaintiffs having exhausted their peremptory challenges. Counsel for interveners claimed the right, and the court stated that it was inclined to hold, under the circumstances, that the right did not exist. Counsel for interveners took an exception to the court's statement; but no particular juror was challenged, and the court did not rule on the question, and for all that appears in the record, the plaintiffs might have admitted the challenge, if it had been made.

Affirmed.