(March 30, 1922.)

BRADFORD HURT, Appellant, v. MONUMENTAL MERCURY MINING COMPANY, a Corporation, Respondent.

[206 Pac. 184.]

EXAMINATION OF JURORS — PEREMPTORY CHALLENGES — EXCEPTIONS — CONTRACT—PAROL EVIDENCE TO VARY CONTRACT—DEFECTIVE ASSIGNMENTS OF ERROR—INVITED ERROR.

1. Where in the course of examination of jurors upon their *voir dire* the court stated to counsel that his peremptory challenges were exhausted, no exception being taken by counsel to such statement of the court and no particular juror having been challenged in an attempt to exercise the right, such action of the trial court is not subject to review on appeal.

2. Where a party plaintiff has used three of the four peremptory challenges allowed him under the provisions of C. S., sec. 6843, and waived the fourth and accepted the jury, he is not thereafter entitled to peremptorily challenge the juror placed in the box to fill the vacancy occasioned by the exercise of the defendant's fourth challenge.

3. Where parties have entered into a contract or agreement which has been reduced to writing, if the writing is complete upon its face and unambiguous, no fraud or mistake being alleged or shown, parol evidence is not admissible to contradict, vary, alter, add to or detract from the terms of the contract.

4. Assignments of error based upon the rulings of the court during the trial will not be reviewed upon appeal where counsel for appellant does not specify in his brief the folios or pages in the transcript on appeal where the alleged erroneous rulings of the court appear.

5. Any error in admitting evidence, which went only to the amount of damages, was made immaterial by the general verdict for defendant.

6. An assignment of error to the effect that the evidence is not sufficient to support the verdict or judgment will not .be considered by the appellate court where appellant has failed to point out specifically in his brief the folios or pages in the transcript on appeal upon which he relies in making such assignment.

7. Where in the trial of a case counsel knows that prejudicial remarks have been made in the presence of the jury and does not call such circumstance to the attention of the court, but sits quietly by knowing that error has been committed and awaits the verdict of the jury, he is thereafter estopped upon motion for a new trial from urging such alleged error as a ground for new trial.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. F. Reddoch, Judge.

Action for conversion. Judgment for defendant and order denying a motion for new trial. *Affirmed.*

S. T. Schreiber, for Appellant.

The court erred in denying the appellant his fourth peremptory challenge, which compelled him to accept juror Wells, whom he positively knew was biased and prejudiced. The sitting of the juror Wells after the remark of the court, which still further prejudiced him against the plaintiff, prevented a fair trial. (*People v. Backus,* 5 Cal. 275; *People v. Ah You,* 47 Cal. 121; *State v. Pritchard,* 15 Nev. 74.)

The errors in law, which occurred beginning with impaneling of the jury, at which time the court denied the respondent his last and fourth peremptory challenge, was irregularity of the jury and error of law occurring at the trial. (*Lombardi v. California St. Cable Ry. Co.,* 124 Cal. 311, 57 Pac. 66.)

Hawley & Hawley, for Respondent.

This court cannot review the questions whether appellant had a right to a fourth peremptory challenge because this

matter was not presented to trial court for a ruling. (*Forsythe v. Richardson*, 1 Ida. 459.)

Appellant waived his right to a fourth peremptory challenge. (*Vance v. Richardson*, 110 Cal. 414, 42 Pac. 909.)

Appellant waived any prejudice on account of remarks by counsel by not calling the court's attention to same. (29 Cyc. 777; *Reynolds v. Metropolitan St. Ry. Co.*, 180 Mo. App. 138, 168 S. W. 221.)

The terms of a written instrument cannot be varied by oral testimony. (*Jarrett v. Prosser*, 23 Ida. 382, 130 Pac. 376; *Newmyer v. Roush*, 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464.)

This court cannot even consider the assignment that the court committed error in excluding evidence as to value, because appellant has not pointed out in the transcript the folio or folios where the alleged error was committed. (Rule 42.) The error, if any was committed, was immaterial, for the reason that the jury found for the defendant. (4 Corpus Juris, 969–971, 988; *Work Bros. v. Kinney*, 8 Ida. 771, 71 Pac. 477; *Spongberg v. First Nat. Bank*, 15 Ida. 671, 99 Pac. 712; *Rosnagle v. Armstrong*, 17 Ida. 246, 105 Pac. 216.)

BUDGE, J.—This action was brought by appellant to recover the sum of $5,170 on account of the alleged conversion by respondent of 51,700 shares of the capital stock of respondent corporation.

The facts as disclosed by the record, so far as material to the disposition of this case, are substantially as follows: On June 25, 1918, appellant was a part owner of an option to purchase certain mining claims, and on said date he entered into a contract with the remaining co-owners of the option for the formation of a corporation to develop and operate said claims, in which it was agreed that the option should be assigned to the corporation and that appellant should receive 60,000 shares of the capital stock of the corporation in full payment for his interest in the option. Pursuant to this contract, respondent corporation was there-

after organized, and on Nov. 1, 1918, the option was assigned to it by the holders thereof. Subsequent to the execution of the contract, appellant sold some of his stock, and certain deductions were made therefrom for various purposes which it is unnecessary to mention here.

Appellant contends that he is the owner of 51,700 shares which respondent refuses to deliver to him upon demand, but has converted to its own use and benefit, while respondent denies that appellant is the owner of any greater number than 25,850 shares, denies that any demand was made upon it by appellant for said stock and that it has converted the same.

Respondent has moved to strike appellant's brief from the files for the reason that the name of the judge who tried the case does not appear on the cover or first page of the brief, and the brief does not contain a statement of points and authorities as required by rule 42 of this court. The brief is subject to the criticisms directed against it by respondent, but we have concluded not to strike it.

A motion has also been made by respondent to strike appellant's bill of exceptions from the transcript, on the ground that it purports to set out an alleged colloquy between the court and counsel, but contains no ruling of the court to which an exception could be taken.

It appears that twelve jurors were called, examined upon their *voir dire* and passed for cause, and that appellant and respondent each exercised, alternately, three peremptory challenges, after each of which the jury was again filled. Counsel for appellant then stated that he would accept the jury, and the court announced that appellant waived his last and fourth peremptory, whereupon appellant's counsel approached the bench and stated that he did not waive his peremptory but accepted the jury. Respondent then exercised its fourth peremptory challenge, after which the jury was again filled. Thereupon appellant's counsel again approached the bench, stating that he was not satisfied, to which the judge replied that appellant had no further peremptory, and would have to keep the last juror called or

disqualify him for cause, which appellant's counsel made no effort to do.

Counsel for appellant took no exception to the court's statement, no particular juror was challenged, and the court did not rule on the question, nor was anything before it upon which it might properly have ruled. As was held by the supreme court of Minnesota in *Fink v. United American Fire Ins. Co.*, 114 Minn. 177, 130 N. W. 944: "A statement by the court that it was inclined to hold that the right of peremptory challenge of a juror did not exist was not a ruling on the question; no particular juror having been challenged."

A question not raised upon the trial (*Miller v. Donovan*, 11 Ida. 545, 83 Pac. 608), or as to which no objection was taken, cannot be urged on appeal. (*Grant v. St. James Min. Co.*, 33 Ida. 221, 191 Pac. 359; *Dahlstrom v. Walker*, 33 Ida. 374, 194 Pac. 847.)

Nevertheless, in view of the fact that the question as to whether appellant was entitled to exercise a fourth peremptory challenge under the facts disclosed above has been briefed by both appellant and respondent and should be disposed of in order to settle the practice in future litigation, we will proceed to consider it.

C. S., sec. 6843, provides that: " . . . . The challenges are to individual jurors, and are either peremptory or for cause. Each party is entitled to four peremptory challenges. If no peremptory challenges are taken until the panel is full, they must be taken by the parties alternately, commencing with the plaintiff."

In civil actions each party has the right to examine the whole twelve jurors, unless a jury consisting of less than twelve shall have been agreed upon in open court, before exercising his right of peremptory challenge as to any, and if some are excused for cause the deficiency must be supplied with other names, who may in like manner be examined until there shall be found in the box twelve men, or the lesser number agreed upon, whom the court shall adjudge to be competent and qualified jurors, and thereupon each

party may exercise his right of peremptory challenge, a new juror being called after the exercise of any such challenge. These peremptory challenges must be taken by the parties alternately, commencing with the plaintiff. Either party may waive or exercise his right of peremptory challenge, and this must be done alternately. This practice has long been followed in this state and we see no reason to depart from it. A provision practically identical with sec. 6843, *supra*, is found in several jurisdictions, and has been construed by the supreme court of Montana in the case of *O'Malley v. O'Malley*, 46 Mont. 549, Ann. Cas. 1914B, 662, 129 Pac. 501, in which the court held: "Where a party plaintiff has used two of his four peremptory challenges allowed by the Montana statute (Mont. Rev. Codes, sec. 6740), and waived his third and fourth, he is not thereafter entitled to challenge the juror placed in the box to fill the vacancy occasioned by the exercise of the defendant's fourth challenge."

Assignments 3 and 4 appear to be directed against the action of the court in refusing to permit appellant to vary by parol the contents of plaintiff's exhibit "B," the contract of June 25, 1918, above referred to. Counsel for appellant asked the following question, to which proper objection was made and sustained: "Reading plaintiff's exhibit 'B,' introduced in evidence, I will ask you if the terms of your agreement and your understanding thereof are embodied in this contract."

The rule is well ·settled in this state that where parties have entered into a contract or agreement which has been reduced to writing, in the absence of fraud or mistake, if the writing is complete upon its face and unambiguous, parol evidence is not admissible to contradict, vary, alter, add to or detract from the terms of the contract. (*Tyson v. Neill*, 8 Ida. 603, 70 Pac. 790; *Idaho Fruit Land Co. v. Great Western B. S. Co.*, 18 Ida. 1, 107· Pac. 989; *Jarrett v. Prosser*, 23 Ida. 382, 130 Pac. 376.) The contract here involved is complete upon its face and unambiguous, and there is no allega-

tion in the complaint of fraud or mistake in its procurement or execution.

Appellant contends, however, that the court erred in sustaining the objection to the above question, which was clearly an effort on the part of appellant to vary by parol the terms of a written contract, for the reason that the court subsequently permitted respondent to introduce evidence tending to vary the terms of this contract. It does not appear that any objection was interposed by appellant to the introduction of such evidence by respondent, nor is the page or folio in the transcript where such evidence was admitted called to our attention in appellant's brief. We are, therefore, in no position to review this contention by appellant.

Assignments 5 and 6 involve the action of the court in not permitting the witnesses for appellant to testify what prices they received for stock which had been sold, and in refusing to allow the appellant and his witnesses to testify concerning the highest prices for which stock had been optioned or could have been sold.

These assignments of error cannot be considered for the reason that appellant has not pointed out in his brief where in the transcript, by page or folio, the court refused to admit this testimony. But even had counsel complied with rule 42 of this court in this respect, a general verdict having been given in favor of respondent, error cannot be predicated upon the action of the court in sustaining objections to testimony tending to show the prices for which such stock had been sold or optioned. As was held in *Ducharme v. Holyoke St. Ry. Co.*, 203 Mass. 384, 89 N. E. 561: "Any error in admitting evidence, which went only to the amount of damages was made immaterial by the general verdict for defendant."

See, also, *Chestnut v. Southern Ind. R. Co.*, 157 Ind. 509, 62 N. E. 32; 4 C. J., Appeal and Error, sec. 2970, p. 988, note 7; *Pieper v. Krutzfeldt*, 155 Iowa, 716, 136 N. W. 904; *Redman v. Stowers*, 11 Ky. Law Rep. 429, 12 S. W. 270.

There is no merit in assignments Nos. 7, 8, 9, 10 and 11, and we do not deem it necessary to discuss them, for the

reason that appellant does not point out in his brief the folios or pages in the transcript where the alleged erroneous rulings of the court appear, as required by rule 42, *supra*. It is urged that the evidence is not sufficient to support the verdict or judgment, but appellant has also failed to specifically point out wherein the evidence is insufficient, and this question will not be considered. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *Citizens' Right of Way Co., Ltd., v. Ayers,* 32 Ida. 206, 179 Pac. 954; *Weber v. Pend D'Oreille Mining & Reduction Co., ante,* p. 1, 203 Pac. 891.)

It is finally contended that the court erred in refusing to grant appellant a new trial by reason of certain remarks made by one Kroeger while appellant was upon the witness-stand. These alleged remarks are set out in an affidavit in support of appellant's motion for a new trial, from which it appears that on the first day of the trial and while appellant was testifying, Kroeger who was sitting in front of and within three to five feet from the jury, interrupted appellant and in a low but audible tone, within the hearing of the jury and which some of the jury did hear, stated in effect that, "Now he is swearing to a . . . . lie," which remark was prejudicial and prevented appellant from having a fair trial. This alleged remark was not called to the attention of the court at any time during the trial, although it lasted for three days. If the remark was made, the court's attention should have been called thereto immediately, in order that the court might have properly instructed the jury to disregard the same and impose such penalty as it might deem proper. Counsel cannot sit quietly by, knowing that error has been committed, and await the verdict of the jury, and then upon motion for a new trial urge such error as a ground for new trial. (*State v. Baker,* 28 Ida. 727, 156 Pac. 103; *McDonald v. Challis,* 22 Ida. 749, 128 Pac. 570.) Furthermore, we do not feel disposed to disturb the order of the trial court in denying the motion for new trial in the absence of a clear abuse of the court's discretion.

The judgment and order denying the motion for new trial should be affirmed, and it is so ordered.   Costs are awarded to respondent.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.