Ellis YOUNG, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 6, 1959.

Rehearing Denied March 18, 1960.

Wilson & Nunn, Glasgow, Ralph Hurt, Columbia, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., Carroll M. Redford, Com. Atty., Glasgow, Joseph Martin, County Atty., Edmonton, Rodes K. Myers, Bowling Green, Marion Vance, Glasgow, Earl Huddleston, Columbia, for appellee.

WADDILL, Commissioner.

Appellant, Ellis Young, was convicted of voluntary manslaughter and sentenced to prison for a term of eight years. We are reversing the judgment because the court erred in permitting incompetent testimony to be introduced over appellant's objections during the trial. Criminal Code of Practice, § 340.

During the afternoon of June 1, 1958, appellant shot and killed John R. Smith. He was indicted upon the charge of wilful murder. On arraignment he entered a plea of not guilty, claiming self-defense.

Upon trial, the prosecuting attorney attempted to establish by the first witness he introduced that, several hours prior to the killing and at a place other than the scene of the tragedy, appellant's brother had fired several shots into an automobile occupied by John R. Smith. Testimony of this character was admissible in view of subsequent testimony which tended to show that appellant had been involved in the alleged previous attack upon John R. Smith. See, Chaplin v. Commonwealth, 142 Ky. 782, 135 S.W. 298; White v. Commonwealth, 125 Ky. 699, 102 S.W. 298; Wade v. Commonwealth, 106 Ky. 321, 50 S.W. 271. However, the witness, whose testimony is relied on by the Commonwealth to establish the alleged prior assault, admitted that he was not present when the alleged prior assault was committed, and that his testimony was based solely upon what he had heard someone say about it prior to the trial. Therefore, the testimony of this witness was hearsay and was incompetent for that reason. We find

that the hearsay testimony was prejudicial because it tended to show the animus of appellant toward the deceased as well as to create impressions upon the minds of the jurors as to who was the agressor in the final tragedy.

Other grounds urged for reversal have been considered and are found to be without merit.

The judgment is reversed with directions to grant appellant a new trial.