## BANKS *v.* MARSHALL.

IF a promissory note is surrendered up by mistake, under the supposition that it is fully paid, yet if not fully paid, the defendant is still liable for the balance due.

An action on a promissory note is barred by statute of limitations, if not commenced within four years from the time the cause of action accrues.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The second count of the complaint was for four hundred and sixty-six dollars and forty-five cents, alleged to have been received by the defendant on the first day of July, 1861, to and for the use of plaintiff. The remainder of the facts are stated in the opinion of the Court.

*Whitman & Wells*, for Appellant.

The mistake was equivalent to so much money to the defendant: he had a credit to that amount to which he was not entitled. (See *Floyd* v. *Day*, 3 Mass.; *Hemenway* v. *Bradford*, 14 Id. 121; *Emerson* v. *Baylies*, 19 Pick. 55; *Appleton* v. *Bancroft*, 10 Metc. 237; *Fairbanks* v. *Blackington*, 9 Pick. 93; *Payson* v. *Whitcomb*, 15 Id. 212; *Chasm* v. *White*, 17 Mass. 563; *Arms* v. *Ashley*, 4 Pick. 71; *Miller* v. *Miller*, 7 Id. 133.

*Swan* and *Hays*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover a balance alleged to be due upon a promissory note, executed by the defendant, bearing date March 17th, 1857, for seven hundred and twenty-five dollars, payable six months after date, to the plaintiff, with interest at two per cent. per month. The complaint avers that six hundred dollars was paid thereon, April 17th, 1860; and three hundred and eighty-six dollars July 1st, 1861; and that there was a balance of four hundred and sixty-six dollars and forty-five cents still due and unpaid. There is also a count for the same amount for money had and

received.    The defendant demurred to the complaint, on the ground that it showed that the action on the note was barred by the Statute of Limitations, the action having been commenced May 9th, 1862, more than four years after the right of action accrued.    The Court sustained the demurrer as to the note.    A final judgment was rendered for the defendant, from which the plaintiff appeals.

On the trial, the evidence showed that the note described in the complaint, was sent from New York through Wells, Fargo & Co.'s Express office for collection, with instructions to receive the amount of the principal and interest thereon, at ten per cent. per annum, in satisfaction of the note; that the agent of Wells, Fargo & Co., at Suisun, collected the principal and interest at that rate, according to instructions, in the payments stated in the complaint, and surrendered the note to the defendant.    Afterwards, Wells, Fargo & Co.'s agent was advised that a mistake had been made in instructing him to collect only ten per cent. per annum interest; and that he should have collected the full amount of interest specified in the note.    He then demanded payment of the balance claimed to be due on the note, and the defendant refused to pay it, saying there was an agreement that he was to pay only the ten per cent. interest.    This action was thereupon commenced.    If there was no valid agreement that interest was to be paid at any other rate than that specified in the note, then the money paid was not a full payment or discharge of the note; and although the note was surrendered up by mistake, under the supposition that it was fully paid, yet the defendant, under such circumstances, would still remain liable for the balance of the note remaining unpaid.    His liablity, however, was upon the note, and the action to enforce that liability should have been brought within the time fixed by the Statute of Limitations; and failing to do so, it was barred.    The facts, as shown, will not sustain an action for money had and received, as was correctly ruled by the Court below.

It follows, that there was no error in the judgment rendered, and it is therefore affirmed.