HUSTON, C. J.
Plaintiff brought action in probate court, to recover $300 damages alleged to have been sustained by him through the wrongful acts of defendant, in breaking into inclosure of plaintiff, destroying a certain pigpen, and' driving-away certain hogs from the premises and possession of plaintiff.. The action ivas commenced by filing complaint, and issuing summons thereon. Summons was dated May 10th, returned May 15th and served May 11th. The summons contained the-following words: “The said action is brought to recover a judgment for the sum of $300 damages done to the plaintiff, together with the costs of this suit, against you, as more fully-appears in plaintiff’s complaint, now on file in my office at ML Idaho, in the county of Idaho and state of Idaho,” which is the-only statement of the case which appears in the summons. Ne copy of the complaint was served with the summons. On the-return-day of the summons, defendant appeared specially, and moved to quash the summons upon the grounds (1) that the defendant had never been served with a copy of the complaint in the action; (3)that the summons does not give the defendant sufficient notice, as required by law. This motion was over *685 ruled by the court. The defendant then demurred to the plaintiff’s complaint generally, and upon the ground of ambiguity and uncertainty, which demurrer was overruled; and the defendant then filed his answer, denying generally and specially all the allegations of the complaint. The case was then heard by the court without a jury. At the close of. the proofs on the part of the plaintiff, as appears by the record, “defendant, by his attorney, demurred, and set up as a cause of demurrer that the court has no jurisdiction over the subject matter. Demurrer sustained,' and cause dismissed without prejudice to plaintiff’s legal and lawful rights.” From this judgment, plaintiff appealed to the district court for said Idaho county. In the district court the defendant appeared specially, and moved to quash the summons on the ground that the copy of summons served on defendant does not give him sufficient notice, in that it does not contain a sufficient statement of the cause of action, in general terms, to apprise defendant of the nature of the claim against him; that defendant was not served with a copy ■of the complaint in said action. The district court sustained the motion, and dismissed the action at cost of plaintiff. From this judgment of dismissal, plaintiff appeals to this court. The appeal of plaintiff from the judgment of the probate court was, •as appears by the notice of appeal, taken on both law and facts.
The sole contention of appellant in this court is that, by answering and demurring in the probate court, defendant waived all objections to the original process, and cannot raise such objection either in the district court or here. It seems to be conceded, as is undoubtedly the fact, that the summons in this case was fatally defective, in not containing “a sufficient statement of the cause of action, in general terms, to apprise the defendant of the nature of the claim against him,” as provided in subdivision 2, section 4655 of the Eevised Statutes of Idaho. Had the district court overruled the defendant’s motion to quash the summons, and had the plaintiff then elected to demur or answer, or both, the rule in the California cases cited by appellant might properly be invoked; but the Eevised Statutes of Idaho (section 4841) provide that, on appeal to the district court, from a probate or justice’s court, either party may have the benefit of all legal objections made in the probate or jus *686 tiee’s court. In this case the defendant’s motion to qnash the summons, made in the probate court, seems to have been, finally, virtually sustained by that court, although not until after the-defendant had both demurred and answered, and the plaintiff had put in his proofs; and the plaintiff appeals to the district, court, where the action was tried de novo. (Idaho Eev. Stats.,, sec. 4840.) On the calling of the case for trial in the district court, as appears from the record, defendant appeared specially,, and moved to quash the summons upon the grounds stated in his motiou, which were, in substance, the same as those npon which his like motion in the probate court was made, and the-district court sustained his motion, and dismissed the action, and it is from this judgment of dismissal by the district court: that this appeal is taken. The plaintiff never answered or demurred in the district court, and herein lies the distinction between the case under consideration and those cited by appellant. It would seem to be pretty well settled that where a party, after-having appeared specially for the purpose of objecting to process, and having such objection overruled, then answers to the merits, he waives all objection to process. But this case comes to this court as an original case in the district court, and that court sustained the motion to quash the summons. As the statute provides that where appeal .is taken from probate or justice’s court to the district court on both law and fact there shall be a trial de novo in the latter court, and either party shall be-entitled to any and all objections and exceptions taken in the-lower court, we cannot consider anything anterior to the proceedings in the district court. The judgment of the district, court is affirmed, with costs to the respondent.
Morgan and Sullivan, JJ., concur.