(December 23, 1902.)

# TAYLOR v. HALL.

### [71 Pac. 116.]

EVIDENCE—NEW TRIAL.—Where the evidence shows that the verdict of the jury and the judgment of the court based thereon is excessive, a new trial will be awarded.

ACCOUNT STATED.—Where the pleadings do not aver an account stated or final settlement, that question cannot be raised for the first time in this court.

(Syllabus by the court.)

APPEAL from District Court of Ada County.

Facts are fully stated in the opinion.

Richards & Haga, for Appellant.

We desire to call the court's attention to the fact that the verdict is against the law. Respondent, at the close of his testimony in chief, introduced a voucher (Plaintiff's Exhibit "A"), which shows on its face: (a) That it was given "for account and amount as per original bills, duly approved, filed in auditor's office"; (b) That the original bill for which it was given consisted of "Chief engineer's final estimate (3) of work done between stations 456 and 479, Pacific and Idaho Northern Railway Construction, completed and accepted December 9, 1899"; (c) That it had been examined and found correct by Charles D. Moore, the chief engineer of the railroad company, and A. Hermany, auditor for appellant; (d) That on the sixteenth day of January, 1800, there was balance due respondent for work done between said stations of $1,958.09; (e) That on the twenty-sixth day of January, 1900, respondent accepted said sum of $1,958.09 in full for the balance due him from appellant for work done between stations 456 and 479. Counsel for respondent may contend that it is not a receipt in full of all demands. We admit that it is not, but we do insist that it is, and appears on its face to be, in full of the account existing between respondent and appellant on the twenty-sixth day of

January, 1900, for work done between stations 456 and 479, on the Pacific and Idaho Northern Railway, completed and accepted December 9, 1899. On its face it is a complete discharge of the demand growing out of the work done between stations 456 and 479, and unless it was obtained under such circumstances of mistake, accident, surprise or fraud, as would authorize a court of equity to set it aside, it operates to defeat any further claim for the debt. (*Aborn v. Rathbone,* 54 Conn. 446; *Chicago etc. Ry. Co. v. Mills* (Colo. App.), 69 Pac. 317.) It is conclusive when given with a knowledge of all the circumstances, and when a party giving it cannot complain of any misapprehension as to the compromise he was making. (*Hurd v. Blockman,* 19 Conn. 177; *Beam v. Barnum,* 21 Conn. 200; *Bonnell v. Chamberlain,* 26 Conn. 487; *Holbrook v. Blodget,* 5 Vt. 520; *Guldager v. Rockwell,* 14 Colo. 459, 24 Pac. 556; *Thompson v. Faussat,* Pet. C. C. 182, Fed. Cas. No. 13,954.) Assuming for the sake of argument that the voucher in question is but an ordinary receipt, the verdict is still against the law, for it is well settled that a written receipt is evidence of high character. It is *prima facie* evidence of the truth of the recitals which it contains. It is evidence of so satisfactory a character as not to be overcome except by clear and convincing testimony. And when the receipt contains no general or vague expressions, but all is definitely descriptive of what is intended to be affected by it, such a receipt, like other writings in general, must not be assailed by parol testimony unless on the ground of fraud. (2 Jones on Evidence, 503; *Raymond v. Roberts,* 2 Aik. (Vt.) 204, 16 Am. Dec. 698; *Riley v. Mayor etc.,* 96 N. Y. 331; *Springfield etc. R. R. Co. v. Allen,* 46 Ark. 217; *Fuller v. Crittenden,* 9 Conn. 400.) The authorities are uniform that oral evidence is inadmissible to vary a receipt that partakes of the nature of a contract. (*Jackson v. Ely,* 57 Ohio St. 450, 49 N. E. 792; *Cassilly v. Cassilly,* 57 Ohio St. 582, 49 N. E. 795; *Church of Holy Communion v. Paterson Extension R. Co.,* 63 N. J. L. 470, 43 Atl. 696; *Pratt v. Castle,* 91 Mich. 484, 487, 52 N. W. 52.)

John J. Blake and C. C. Cavanah, for Respondent.

As a legal proposition, we do not think that there can be any doubt that the receipt in question is not a contract, but is simply an ordinary receipt, and as such is not conclusive, but is subject to explanation by parol testimony. The authorities on this question are numerous, and so well established has the rule become that a receipt of the character of the one in the case at bar is subject to explanation by parol testimony, that the question is no longer open to controversy. We cite the following cases to support our contention on this point, all of which uphold the rule that a receipt is never conclusive, but is always open to explanation by parol testimony: *Simmons v. Oullahan,* 75 Cal. 508, 17 Pac. 543; *Hawley v. Bader,* 15 Cal. 45; *Comptoir d'Escompte de Paris v. Dresbach,* 78 Cal. 15, 20 Pac. 28; *Ireland v. Spickland,* 95 Mo. App. 53, 68 S. W. 748; *Hardin v. Dickey,* 123 Cal. 513, 56 Pac. 258; Selover on Bank Collections, 193; Jones on Evidence, secs. 67, 502, and cases cited. We believe that the record shows beyond doubt that there is a substantial conflict in the evidence, and this being true, we insist, under the authorities, that this court should not disturb the verdict of the jury in this case. On the point that the finding of a court or the verdict of a jury will not be disturbed where there is a substantial conflict in the evidence, we cite the following cases: *Hawkins v. Pocatello Water Co.,* 3 Idaho, 766, 35 Pac. 711; *Spaulding v. Coeur d'Alene Ry. & Nav. Co.,* 5 Idaho, 528, 51 Pac. 408; *Sears v. Flodstrom,* 5 Idaho, 314, 49 Pac. 11; *Moore v. Copp,* 119 Cal. 429, 51 Pac. 630; *Gibson v. Sterling Furniture Co.,* 113 Cal. 1, 45 Pac. 5; *Coffin v. Bradbury,* 3 Idaho, 770, 35 Pac. 715; *Ketcham v. Barbour,* 102 Ind. 576, 26 N. E. 127.

STOCKSLAGER, J.—This case is here on appeal from the district court of Ada county. A jury trial was had, a verdict in favor of the plaintiff rendered, and judgment entered according to the finding of the jury. The appeal is from the judgment, and also from an order overruling a motion for a new trial.

By reason of the conclusions reached in this case, we find it necessary to set out the following allegations of the complaint:

That between the seventh day of September, 1899, and the seventh day of December, 1899, plaintiff performed services for the defendant, at his special instance and request, in the capacity of a contractor in constructing the roadbed of the Pacific and Idaho Northern Railway Company, in the county of Washington and state of Idaho, for which services defendant agreed to pay plaintiff the sum of $5,416.54; that defendant has not paid the same, nor any part thereof, except the sum of $4,673.07. For a second separate cause of action, plaintiff complains and alleges that between the seventh day of September, 1899, and the 7th of December, 1899, plaintiff performed services for the defendant, at his special instance and request, in the capacity of a contractor in the construction of the roadbed of the Pacific and Idaho Northern Railway Company, in the county of Washington and state of Idaho, which services consisted in putting in a stone culvert at station 473 on said roadbed; that said services were reasonably worth the sum of twenty-five dollars; that defendant has not paid the same. Then follows a prayer for judgment in the sum of $768.47. The defendant, answering the first cause of action, denies that defendant ever entered into a contract, or that plaintiff performed any service for defendant for any sum greater than $4,673.07, and that defendant had paid plaintiff in full for all work performed by plaintiff for defendant. Answering the second cause of action, defendant denies that plaintiff constructed a stone culvert at station 473 of the roadbed, or elsewhere, for which he has not been paid in full.

On the trial of this case in the district court, the plaintiff testified that he did certain riprap work, subgrading, grading, and building a stone culvert, for the defendant, under an express contract, and that such work was not included in a settlement as shown by Defendant's Exhibit "B." This exhibit seems to have been introduced by the defendant without objection on the part of the plaintiff. Exhibit "B," above referred to, in part is as follows: "Estimate No. 3. Pacific and Idaho Northern Railway Company, Fourth Division. Month ending December 11th, 1899. From station 456 to station 479. Final estimate No. 3, showing the work done upon this contract to

the above date." After giving the figures of the various kinds of work done showing a grand total of $4,673.07 as the amount due, it is certified by L. H. Friend, division engineer, and Charles D. Moore, chief engineer, as being a final estimate and as being correct. There seems to be no dispute between the parties as to the date of the work, or the particular locality where it was done; nor is it disputed that plaintiff received the said sum of $4,673.07. The contention of plaintiff in the court below was that the estimate was not complete, or did not show all his work on the contract, and that later he was to have a further statement, which he has never received, and that the amount he now sues for was work not included in the estimate, as shown by Defendant's Exhibit "B." The jury, in its award to the plaintiff, did not allow him the full amount of his claim, by $———. We have carefully gone over the items he alleges he has not been paid for, and if we take his own statement in connection with the items, as shown by Exhibit "B," the jury awarded him considerably more than he would be entitled to.

It is urged by counsel for appellant that when respondent signed the receipt for the sum of $4,673.07, shown by Defendant's Exhibit "B," as the amount due on the contract, he signed it as a receipt in full, and he cannot now be heard to question its accuracy. A great many authorities are cited in support of this contention. Neither the pleadings nor the evidence in this case warrant this contention. The record shows that Exhibit "B" was treated as an open account by defendant as well as the plaintiff, and it cannot be urged in this court for the first time that the account was a final settlement, and that the receipt precludes the respondent from questioning its accuracy.

Counsel for respondent call our attention to the rule, and cite many authorities in support of it, that, where there is a substantial conflict in the evidence on the material issues involved, this court should not disturb the verdict of the jury or judgment of the trial court. There is no question about the justice and right of this rule, and it has been announced many times by this court; but in this case it is not a question of conflict, but a want of evidence to support the verdict. As heretofore stated, if we take the evidence of the plaintiff, coupled

with the showing in Defendant's Exhibit "B," which is uncontradicted, we are forced to the conclusion that the verdict is excessive. The plaintiff testifies that he did certain work for which he has never been paid, whilst the exhibit shows that the work was included in the estimate for which he was paid.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion. Costs to appellant.

Quarles, C. J., and Sullivan, J., concur.