(July 13, 1920.)

## PETER B. GRANT, Respondent, v. ST. JAMES MINING COMPANY, LTD., a Corporation, Appellant.

[191 Pac. 359.]

APPEAL AND ERROR — QUESTIONS REVIEWABLE — MECHANIC'S LIEN — DEFECTS—WAIVER—FINDINGS.

1. As a general rule, a party cannot avail himself of a defense for the first time in the appellate court; nor will a question not raised in the trial court be considered on appeal.

2. A defect or irregularity in the claim of lien is waived by a failure to make timely objection thereto.

3. A finding that respondent had not appropriated property to his own use and benefit is sustained by evidence which shows that a sale of the property by him to a third party was ratified by the proper officers of the company owning the property.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. Edgar C. Steele, Presiding Judge.

Action to foreclose a laborer's lien. Judgment for plaintiff. *Affirmed.*

John M. Gleeson and H. J. Hull, for Appellant.

A lien claim being given as an extraordinary remedy, the best of good faith is required, and a filing for a greater sum than one is entitled to is fraud in law, and a lien case will be dismissed under such circumstances. (27 Cyc. 203; *Brennan v. Miller,* 97 Mich. 182, 56 N. W. 354; *New Jersey Street etc. Co. v. Robinson,* 85 App. Div. 512, 83 N. Y. Supp. 450.)

Horning & McEvers and Chas. L. Heitman, for Respondent.

A question not raised in the pleadings, or by motion in the trial court, cannot be raised for the first time on appeal.

2. For cases discussing waiver of mechanics' liens, see note in 41 Am. Dec. 221.

(*Marysville Mercantile Co. v. Home Fire Ins. Co.*, 21 Ida. 377, 121 Pac. 1026; *Miller v. Donovan*, 11 Ida. 545, 83 Pac. 608.)

A judgment will not be reversed on the ground of error which does not affect the substantial rights of the parties, especially when such judgment is sustained by facts alleged and admitted by the pleadings of the respective parties. (*Smith v. Ellis*, 7 Ida. 196, 61 Pac. 695; *Mine & Smelter Supply Co. v. Idaho Consol. Mines Co.*, 20 Ida. 300, 118 Pac. 301.)

The failure of the trial court to make findings on certain issues is not reversible error, since the substantial rights of the party complaining were not affected. (*Brown v. Macey*, 13 Ida. 451, 90 Pac. 339; *Robertson v. Moore*, 10 Ida. 115, 77 Pac. 218; *Shaw v. Martin*, 20 Ida. 168, 117 Pac. 853.)

Plaintiff's right to a lien was not made an issue in the case, either in the pleadings or on the trial, and it is well-settled law in this state that attorney fees should be allowed the plaintiff in such actions as this.

BUDGE, J.—This is an action to foreclose a laborer's lien. The claim of lien upon which the action is based was for $2,693. The action was tried by the court. Findings of fact and conclusions of law were filed and a judgment entered decreeing respondent entitled to a lien for $525, the foreclosure of the same, and awarding him attorney fee in the sum of $125, and his costs. This appeal is from the judgment. Appellant contends that the court erred in not dismissing the cause and denying respondent a lien, for the reason that the claim filed was greatly in excess of any possible claim against appellant. No issue was raised on this point, nor was any motion or objection made raising it upon the trial of the cause.

The rule is well settled that a party cannot avail himself of a defense for the first time in the appellate court, nor will a question not raised in the trial court be considered on appeal. (*Smith v. Sterling*, 1 Ida. 128; *Taylor v. Hall*, 8 Ida. 757, 71 Pac. 116; *Miller v. Donovan*, 11 Ida. 545, 83 Pac. 608; *Marysville Merc. Co. v. Home Fire Ins. Co.*, 21

Ida. 377, 121 Pac. 1026.)    While there are certain exceptions to the foregoing rule, they are not involved in this proceeding.    A particular application of this general rule has been made in cases of this character by holding that a defect or irregularity in the claim of lien is waived by a failure to make timely objection thereto.    (27 Cyc. 206; *General Fire Extinguisher Co. v. Magee Carpet Works,* 199 Pa. St. 647, 49 Atl. 366; *Wharton v. Real Estate Investment Co.,* 180 Pa. St. 168, 57 Am. St. 629, 36 Atl. 725; *Klinefelter v. Baum,* 172 Pa. St. 652, 33 Atl. 582; *Wheeler v. Ralph,* 4 Wash. 617, 30 Pac. 709.)

It is next urged that the court erred in not finding that respondent was responsible for certain dynamite valued at $330, which it is alleged he had wrongfully charged to appellant and sold to the Guelph Company.    The contention upon the trial was that respondent had purchased this dynamite for appellant without authority, and had converted it to his own use and had never accounted to appellant therefor.    The evidence shows that the dynamite was purchased for appellant company and that the purchase was authorized by one Whelan, then the secretary of the company. The court found that appellant's claim that respondent had appropriated the dynamite to his own use and benefit was not supported by the evidence.    This finding is supported by the evidence, which, although conflicting, shows that the sale to the Guelph Company was ratified by the proper officers of appellant company.

Appellant also insists that the court erred in not finding that respondent had received $214 for boarding two men from the C. & R. Mining Company, and appropriated it to his own use and benefit.    However, this item in the pleadings was only claimed by appellant company as an offset against other sums claimed by respondent which the court disallowed.    The answer admits that appellant owes respondent $525 for services, subject only to an offset for the $330 item above disposed of, and a certain draft as to which appellant's claim has been upon this appeal abandoned.

Assignments 4, 5 and 6 need not be discussed, since they are in effect disposed of by what has already been said.

The seventh assignment, that the court erred in allowing an attorney fee and in making a decree in favor of plaintiff, is without merit, for the reason that it depends upon the sufficiency of the first assignment touching the existence of any lien whatever, it having been stipulated upon the trial that if the court found respondent entitled to a lien, he might award such fee as he thought reasonable.

The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.