(December 29, 1920.)

CLORA MARKLE DAHLSTROM, ALVIN MARKLE, and CHARLES B. ADAMSON and GEORGE B. MARKLE, Jr., Administrators C. T. A. of the Estate of GEORGE B. MARKLE, Deceased, Appellants, v. RAMSEY M. WALKER, Trustee, Respondent.

[194 Pac. 847.]

TRUSTS — JUDGMENTS BY CONFESSION — LIMITATION OF ACTIONS — LACHES—CAPACITY TO SUE.

1. It is the duty of a trustee to administer his trust in accordance with the provisions of the instrument by which it is created, if in so doing he does not violate the law.

Points Decided.

2. In accordance with C. S., sec. 7998, an affidavit taken in another state, to be used in this state, may be taken before any notary public in such state.

3. The courts of this state are authorized to take judicial notice of the seals of notaries public of sister states.

4. As a general rule, a corporation, in a proper case, by its proper officer, may confess judgment without action.

5. A confession of judgment in this state, executed in conformity with the statute, in substance and form, by an officer having apparent authority so to do, and in addition thereto reciting that his action in so doing was authorized by the directors of the corporation, whose action was ratified by the stockholders thereof, is not void upon its face and is not subject to successful collateral attack.

6. A judgment of a corporation obtained by confession, in favor of an officer thereof, is not void when it does not appear that it was fraudulently obtained.

7. A judgment by confession for an amount due upon a judgment of foreclosure of a mortgage, in consideration of a release of the judgment of foreclosure, is not illegal or against public policy. R. S., sec. 4520 (now C. S., sec. 6949), does not contain a limitation upon the power to enter into a contract by which a mortgagee may agree to waive or release the security of his mortgage. This section refers only to the form of action to recover a debt which at the time of its commencement is secured by a mortgage.

8. The fact that a judgment may be dormant does not prevent it from being a lawful claim against the judgment debtor.

9. A foreign corporation doing business in this state, having appointed a statutory agent upon whom process may be served, but which fails to refill the office of statutory agent upon his removal from the state, is denied the benefit of the statutes of the state limiting the time for commencement of civil actions during the time the designated agent is absent from the state.

10. The doctrine of laches is one of equitable cognizance only, and is not applicable to an action to enforce a claim at law.

11. The right of administrators appointed by the courts of another state to sue in this state cannot be questioned for the first time in the supreme court upon appeal.

2. Authentication of affidavit before foreign notary, see note in 1 Ann. Cas. 544.

9. Revocation by foreign corporation of designation of agent for service of process as affecting liability to suit within state, see notes in 6 Ann. Cas. 295; Ann. Cas. 1916D, 378; Ann. Cas. 1918A, 397.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. John M. Flynn, Presiding Judge.

A proceeding to direct a trustee in regard to the distribution of trust funds. Order against certain claimants, who appeal. *Reversed.*

J. E. Gyde, for Appellants.

There being no designated agent upon whom process against this foreign corporation could be served, the corporation and the trustee representing it could not avail itself of the benefits of the statute of limitations. (*Katz v. Herrick*, 12 Ida. 1, 86 Pac. 873; *Graham v. Brown Bros. Co.*, 30 Ida. 651, 168 Pac. 9; *Hale v. St. Louis & S. F. R. Co.*, 39 Okl. 192, Ann. Cas. 1915D, 907, 134 Pac. 949, L. R. A. 1915C, 544.)

Under statutes similar to sec. 6056, C. S., the signature and seal of a notary public of another state to an affidavit is sufficient. (*Goree v. Wadsworth*, 91 Ala. 416, 8 So. 712; *Singletary v. Watson*, 136 Ga. 241, 71 S. E. 162; *Wood v. St. Paul R. R. Co.*, 42 Minn. 411, 44 N. W. 308, 7 L. R. A. 149.)

If the contention of counsel for respondent to the effect that the Pennsylvania executors of the estate of George B. Markle, deceased, cannot make a claim in this state under the judgment due said Markle is correct, it cannot be urged for the first time in the supreme court. (*Anthes v. Anthes*, 21 Ida. 305, 121 Pac. 553; *Whitley v. Spokane etc. R. Co.*, 23 Ida. 642, 132 Pac. 121.)

The Portland Mining Company in 1905 had the same power as a natural person to enter into any contract which an individual could enter into, and had power to confess the judgments. (2 Fletcher, Cyclopedia of Corp., p. 1845, sec. 900; 1 Clark & Marshall on Corp., p. 672, sec. 264; *Solomon v. C. M. Schneider Co.*, 56 Neb. 680, 77 N. W. 65; *Keyser v. Shute*, 3 Ariz. 336, 29 Pac. 386; *Prouty v. Prouty,*

155 Pa. 112, 25 Atl. 1001; *Forty Acre Spring Livestock Co. v. West Texas B. & T. Co.* (Tex. Civ. App.), 111 S. W. 417.)

Contracts between a corporation and its officers or stockholders are not void, and are voidable only, where not made in good faith or injurious to the corporation. (2 Fletcher, Cyclopedia of Corp., p. 1855, sec. 907.)

H. J. Hull and I. N. Smith, for Respondent.

The official character of a foreign notary must be shown and certified to before his purported acts will be accepted in any state other than that of his residence. (2 C. J. 335; *Desnoyes v. First Nat. Bank,* 188 Ill. 312, 58 N. E. 994.)

Courts of equity do not favor antiquated or stale demands and refuse to interfere where there has been gross laches in commencing the proper action or long asquiescence in the assertion of adverse rights. (*Ryan v. Woodin,* 9 Ida. 525, 75 Pac. 261; *Godden v. Kimmel, Admx.,* 99 U. S. 201, 25 L. ed. 431; *Badger v. Badger,* 2 Wall. 87, 17 L. ed. 836, see, also, Rose's U. S. Notes.)

The power to serve process on a foreign corporation fixes the time when the statute begins to run as to it. (*Colonial & U. S. Mortgage Co. v. N. W. Thresher Co.,* 14 N. D. 147, 116 Am. St. 642, 8 Ann. Cas. 1160, 103 N. W. 915, 70 L. R. A. 814; *McCabe v. Illinois Cent. R.,* 13 Fed. 827, 4 McCrary, 492; *Turcott v. Yazoo Ry.,* 101 Tenn. 102, 70 Am. St. 661, 45 S. W. 1067, 40 L. R. A. 768; 12 Am. & Eng. Ency of Law, 2d ed., 897, 904, 905.)

RICE, J.—On March 9, 1912, the Portland Mining Company, an Oregon corporation, conveyed certain mining property, situated in Shoshone county, to George B. Markle, as trustee. Upon the death of George B. Markle, the district court appointed respondent Ramsey M. Walker as his successor. The provisions of the instrument under which George B. Markle held the property in trust are in part as follows:

" . . . . That the said George B. Markle be, and he is hereby authorized, empowered and directed to sell said property for the best price and on the best terms obtainable therefor, for the use and benefit of the stockholders of this corporation [Portland Mining Company], and that from the proceeds of the sale of the said premises he shall deduct the expenses of such sale, including the payment of any commission agreed upon and the amount due him, the said George B. Markle, for taxes heretofore paid, or which he may hereafter pay upon said premises, and any other lawful charges or claims against this company, paying the overplus, if any there be, to the stockholders of this corporation according to their holding of stock therein."

The order of the court appointing Walker trustee directed that—

" . . . . He is hereby authorized, empowered and directed to sell said property for the best price and on the best terms obtainable therefor, for the use and benefit of the stockholders of the Portland Mining Company on the 9th day of March, 1912; and that from the proceeds of such sale of the said premises he shall deduct the expenses of such sale including the payment of any commission agreed upon, and any other lawful claims, paying the overplus to the stockholders of said corporation as aforesaid their portion of said proceeds."

Walker, as trustee, sold the property for $100,000, and thereafter filed in the court a final report of his proceedings in the execution of the trust, and prayed that an order be made directing that the residue of said trust fund be distributed to the person or persons found to be entitled thereto by the court.

Clora Markle Dahlstrom, Alvin Markle, and Charles B. Adamson and George B. Markle, Jr., administrators, C. T. A., of the estate of George B. Markle, deceased, filed claims against the trust fund. The claims of Clora Markle Dahlstrom and Alvin Markle set forth that on the fifth day of December, 1902, Clora Markle Dahlstrom recovered a judgment foreclosing a mortgage upon the property described

in the trust deed, and that on the same day Alvin Markle recovered a judgment foreclosing a mortgage upon the same property. On the eleventh day of April, 1905, a satisfaction of each of these judgments was filed, and on the same day, in consideration thereof, the Portland Mining Company confessed judgments in favor of Clora Markle Dahlstrom and Alvin Markle, each in a sum equal to the principal amount found due in the foreclosure decree, with interest from the date of that decree. On the same day a confession of judgment was filed by the company in favor of George B. Markle for the sum of $2,172.98. The amount of these judgments exceeded the trust funds in the hands of Walker. Certain other claims were presented and allowed by stipulation of the parties and paid by the trustee. The court disallowed the claims of Clora Markle Dahlstrom, Alvin Markle, and Charles B. Adamson and George B. Markle, Jr., administrators, C. T. A., as above set out, and ordered that the residue of the funds be distributed among the stockholders of the Portland Mining Company *pro rata,* deducting from the shares of Clora Markle Dahlstrom and Alvin Markle certain sums of money properly chargeable against their portions of the fund.

Clora Markle Dahlstrom, Alvin Markle and Charles B. Adamson and George B. Markle, Jr., administrators, C. T. A., of the estate, have appealed to this court from the order of the court disallowing their claims upon the judgments hereinbefore described.

The parties to this proceeding do not call in question the power of the corporation to execute the trust deed of March 9, 1912, or the validity of the title thereby conveyed. Whatever title was conveyed was accepted by the trustee to be by him administered according to the terms of the trust. Walker succeeded to the title conveyed to his predecessor, George B. Markle. and held the same in trust under the orders of the court. Acting under the authority of the court, he conveyed the title to a purchaser and received therefor the fund now under consideration. The

court is only concerned with the proper distribution of this fund.

The express trust under which George B. Markle acted in his lifetime, and the order of the court pursuant to which Walker acted, both provided that from the proceeds derived from the sale of the property, the trustee, after paying the expenses and commissions, should pay any lawful claims against the company, and pay the overplus, if any, to the stockholders. Were the claims of appellants lawful claims against the company?

Respondent attacks the judgments entered by confession upon the ground (1) that there was attached thereto no certificate of the official character of the notary public in the state of Rhode Island before whom the confessions of judgment were verified, and (2) because they were not executed by the officer of the corporation having authority to confess judgment for the corporation.

The attack upon these judgments in this proceeding is collateral, and the question presented is whether or not they are void upon their face.

As to the first objection, it is provided by C. S., sec. 7998, that an affidavit taken in another state, to be used in this state, may be taken before any notary public in such state. The courts of this state are authorized to take judicial notice of the seals of notaries public in sister states. (C. S., sec. 7933; *Pierce v. Indseth,* 106 U. S. 546, 1 Sup. Ct. 418, 27 L. ed. 254, see, also, Rose's U. S. Notes; *Brown Mfg. Co. v. Gilpin,* 120 Mo. App. 130, 96 S. W. 669.)

It may be stated as the general rule that a corporation, in a proper case, by its proper officer, may confess judgment without action. (15 R. C. L. 648; *Manley v. Mayer,* 68 Kan. 377, 1 Ann. Cas. 825, 75 Pac. 550.) The power to confess judgment is included within the power to make contracts and to sue and be sued.

The confessions of judgment appear to have met the requirements of the statute as to substance and form, and purport to have been executed by the secretary of the cor-

poration. In addition thereto, it is recited that they were authorized by the directors of the corporation, whose action was ratified by the stockholders. It does not appear, therefore, upon the face of the record that the confessions of judgment were made without authority, and accordingly it must be held in this action that the judgments when entered were valid.

There is no merit to the contention that the judgments by confession were void because entered in favor of an officer of the corporation, it not appearing that the same were fraudulently obtained.

Neither is there any merit to the contention that it was beyond the power of the corporation to confess judgment for a sum of money in consideration of the release by the judgment debtors of a judgment of foreclosure of a mortgage given to secure the same debt. The agreement between the parties which resulted in the satisfaction of the judgments of foreclosure and the entering of judgments by confession was not illegal or against public policy, and no other limitation upon their power to so contract has been called to our attention.

It is contended that R. S., sec. 4520 (now C. S., sec. 6949), in force at that time, to the effect that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by a mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter," forbids such transactions as were had in this case. That section has reference to the recovery of a debt which at the time the action is brought is secured by a mortgage. It does not profess to contain a limitation upon the power to enter into a contract by which a mortgagee may agree to waive or release the security of his mortgage.

It is urged, however, that even if the judgments by confession were valid when entered, that they have become dormant, and also that the statute of limitations had run against them. "A judgment not satisfied, or barred by lapse of time, but temporarily inoperative so far as the right

to issue execution is concerned, is usually called a dormant judgment.'' (23 Cyc. 1428.) The question as to whether or not the judgments under consideration became dormant is not important in this case. The question is whether the judgments are lawful claims against the corporation.

We are of the opinion that the statute of limitations has not run against the judgments.

R. S., sec. 2653, amended Sess. Laws 1903, p. 49, was in force at the time the transactions under consideration in this case occurred. By this section, among other things, it is provided that every corporation not created under the laws of this state, doing business therein, must designate some person in the county in which the principal place of business of such corporation in the state is conducted, upon whom process issued by authority or under the laws of this state may be served, and must file such designation in the office of the Secretary of State and the office of the clerk of the district court for such county. It is further provided that in case the office of such statutory agent becomes vacant by resignation filed by such agent in the office in which his appointment is filed, or by his death, or removal from such county, the corporation shall, within sixty days thereafter, refill said office as therein provided. The section also contained a provision which in substance is the same as C. S., sec. 4778, as follows:

''Every such corporation which fails to comply with the provisions of this section shall be denied the benefit of the statutes of the state limiting the time for the commencement of civil actions, and any limitations in such statutes shall only run in favor of any such corporation during such time as such person duly designated, as aforesaid, upon whom such service can be made, shall be within the state.''

It was alleged by the claimants, and not denied, that the corporation duly designated a statutory agent in 1891, who in the year 1892 departed from the state and has not returned to the state since that time, and no other statutory agent has been designated. Under the statute above referred to, this fact prevented the corporation from claiming

the benefit of the statute of limitations. It is contended, however, that provision is made in the statute for service upon the county auditor when the statutory agent of a foreign corporation shall have removed from or ceased to be a resident, with like effect as though said service had been made upon an agent or person duly appointed and designated. This provision of the statute, however, is not inconsistent with or contradictory of the provisions above referred to, and does not have the effect of denying foreign corporations which fail to keep resident agents in the state the privilege of the benefit of the statute of limitations in actions against them.

It is also urged that the claimants were guilty of laches in their failure to undertake the collection of their judgments, but the doctrine of laches has no application in this case. It is a doctrine of equitable cognizance only, and these are claims at law against the company. (*Johansen v. Looney,* 31 Ida. 754.)

It is further urged that Charles B. Adamson and George B. Markle, Jr., administrators, C. T. A., having been appointed in another state, are without capacity to sue in the courts of Idaho. This claim, however, if well taken (a question which we do not decide), was not set up in the court below. It was therefore waived, and cannot be raised for the first time in this court. (*Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553; *Thelen v. Thelen,* 32 Ida. 755, 188 Pac. 40; *Wilson v. Wilson,* 26 Or. 251, 38 Pac. 185; *Wright v. Wayland* (Mo. App.), 188 S. W. 928.)

It follows that the claims presented are lawful claims against the company within the purview of the order of the district court appointing Ramsey M. Walker trustee, and should have been allowed.

The order is reversed, with directions to the district court to allow the claims of Clora Markle Dahlstrom, Alvin Markle, and Charles B. Adamson and George B. Markle, Jr., administrators, C. T. A., and directing the trustee to pay the balance of the proceeds in his hands upon these claims. Pursuant to stipulation of the parties, no costs are awarded.

Morgan, C. J., and Budge, J., concur.