(October 9, 1922.)

## E. G. ELLIOTT, Appellant, *v.* FRED W. RISING, Respondent.

[209 Pac. 887.]

APPEAL FROM JUSTICE TO DISTRICT COURT—WHAT MAY BE CONSIDERED — RULE OF DISTRICT COURT FIXING TIME TO TRANSMIT RECORD NOT JURISDICTIONAL — ORDER DISMISSING APPEAL IN ACCORDANCE WITH SUCH RULE SUBJECT TO REVIEW.

1. Where an appeal is taken from the probate to the district court upon questions both of law and fact, which requires a trial *de novo,* this court cannot on such appeal consider any proceedings anterior to those had in the district court.

2. Where appellant has filed and served the required notice and given an undertaking on appeal from the probate to the district court, and deposited with the probate judge the clerk's filing fee, and such judge fails to transmit this fee to the clerk, who receives and holds the files beyond thirty days without marking the same filed because of failure to receive the filing fee, such appeal will not be dismissed on the ground that the plaintiff failed and neglected to perfect the same within a reasonable time after the taking of such appeal.

3. Where an appeal is taken by the giving and serving of notice and undertaking on appeal from the probate court to the district court, a rule of such district court that the same must be taken within a certain time is not jurisdictional, and an order dismissing an appeal for a failure to file within the time fixed by the rule will be reviewed by this court.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action on a judgment. From adverse decision in probate court, plaintiff appealed to district court; from judgment of dismissal in district court, plaintiff appeals. *Reversed* and *remanded,* with instructions to reinstate the appeal.

Miller & Ricks, for Appellant.

The trial court erred in dismissing appellant's appeal from the judgment entered in the probate court of Fremont county. (*Sherman v. Rolberg,* 9 Cal. 17.)

The sending up of the transcript is not jurisdictional, and the failure of the clerk to mark the papers ''filed'' is not a ground for dismissing the appeal. (*Harris v. Watkins,* 5 Dak. 374, 40 N. W. 536; *Chicago, R. I. & P. Ry. Co. v. Moore,* 34 Okl. 199, 124 Pac. 989.)

The transcript discloses that appellant complied with all the necessary requirements in order to give the district court jurisdiction of this appeal. (*Salt Lake Brewing Co. v. Gilman,* 2 Ida. 195, 10 Pac. 32.)

Otis M. Van Tassel, for Respondent.

One of the conditions upon which an appeal is allowed from a probate court is the payment of the costs of the action. (*McDermott v. Douglass,* 5 Cal. 89.)

· C. S., sec. 3702, places the responsibility for the payment of the fees upon the party taking the appeal, and if in this case the appellant desired to pay the district clerk the sum of $5 for filing the papers on appeal, it was his duty to see that the district clerk received that amount, and his responsibility did not end when he paid the money to the probate judge. (*Little v. Blank,* 31 Utah, 222, 87 Pac. 708.)

''Where the delay is attributable to the fault or negligence of the appellant or his attorney, and no adequate excuse is shown, the appeal will be dismissed; but where the appellant has taken the steps required of him to perfect his appeal he cannot be prejudiced by the failure of the justice to transmit the transcript and papers in time.'' (24 Cyc. 704; *McKay v. Superior Court,* 86 Cal. 431, 25 Pac. 10.)

LEE, J.—This action was commenced by appellant in the probate court of Fremont county, Idaho, and by him appealed to the district court, where upon motion of respondent the appeal was dismissed for the reason, as stated in the order of dismissal, that plaintiff failed and neglected to perfect the same within a reasonable time after the filing of his notice of·appeal. From such order of dismissal this appeal is taken.

It appears from the first and second assignments of error that appellant seeks to have this court review alleged errors of the probate court in dissolving a writ of attachment and in failing to sustain the demurrer to respondent's cross-complaint. The appeal having been taken from the probate court to the district court upon questions both of law and fact, which under C. S., sec. 7181, requires the action to be tried anew in the district court, this court cannot on appeal from the district court consider any proceedings anterior to those had in the district court. (*Chase v. Hagood,* 3 Ida. 682, 34 Pac. 811.) Therefore the third assignment, based upon the alleged error of the district court in dismissing the appeal, presents the only question before us for consideration.

The two grounds of the motion to dismiss the appeal were: (1) that appellant had failed to prosecute the appeal and had caused unnecessary delay in bringing the cause to a hearing; (2) that the records in the cause do not contain a certified copy of the proceedings had in the probate court of Fremont county. It appears that immediately after the rendition of the adverse judgment in the probate court, appellant filed and served notice of appeal to the district court and gave the necessary undertaking required by C. S., secs. 7179 and 7183, and deposited with the probate judge the sum of $5 for the purpose of paying the fees of the clerk of the district court, as provided by C. S., sec. 3702. The probate judge immediately thereafter transmitted to the clerk of the district court all of the files in said cause, but neglected to pay to the clerk the said $5, or to certify a transcript of the proceedings had before him. On the open-

ing day of the first term of the district court thereafter, appellant applied to such court for an order to compel the probate judge to certify to that court a copy of the transcript of the proceedings in the probate court, and offered to show that repeated demands had been made upon the probate judge for such transcript. The district court failed to take any action on this application, but subsequently dismissed the appeal for the reasons above stated.

It will be observed that the reason given for the dismissal of the appeal, namely, that the plaintiff failed and neglected to perfect the same within a reasonable time after the filing of the notice of appeal to the district court, does not specify in what particular plaintiff did so fail and neglect to perfect his appeal, but from respondent's brief we conclude that the failure and neglect for which the district court held that the appeal should be dismissed consisted in appellant having failed to pay to the clerk of the district court the filing fee mentioned in C. S., sec. 3702, within thirty days after filing and serving notice and executing undertaking on appeal.

It appears that after appellant had deposited this amount with the probate judge and requested the certification of the transcript, together with sending up the files, the probate judge deducted from the five dollars, two dollars, which he claimed were unpaid costs in his court, and transmitted to the clerk of the district court only the remainder of the five dollars which appellant had deposited with him. The clerk of the district court retained the files, but neglected to enter thereon any filing mark because he had received only a part of the filing fee. Appellant, immediately upon being advised that there was a claim being made by the probate judge for an additional two dollars, promptly paid the same to such judge, who transmitted the additional amount to the clerk, and the papers were marked filed, but not within thirty days from the time the appeal had been taken.

It is further contended by respondent that there was a rule of court in that district which required all papers on appeal to be filed and docketed and the transcript certified within thirty days from the time of taking the appeal, otherwise the

appeal would be subject to dismissal. The record in this case fails to disclose any such rule. In *Perkins v. Bridge,* 10 Ida. 189, 77 Pac. 329, it was held that a rule of the district court requiring the transcript on appeal in all cases appealed from a justice court to be filed in the district court within ten days after such appeal was perfected, and if not so filed the appeal could be dismissed on motion, was not jurisdictional, and should be applied with discretion, and further, that where it does not appear that any prejudice resulted to respondent because of the failure to file said transcript within the required time under such a rule, the judgment of dismissal should be vacated.

In view of appellant having deposited with the probate judge the filing fee for transmission to the clerk of the district court, and such judge having failed to transmit the entire amount without directing the appellant's attention to his failure to do so, and the clerk of the district court having received and retained the record without having called appellant's attention to the failure of the probate judge to transmit the entire amount of the filing fee, and appellant having promptly paid the additional amount upon being informed of the omission, we hold that it was an abuse of discretion to dismiss the appeal under these facts and circumstances.

The judgment of the district court dismissing the appeal is reversed and the cause remanded, with instructions to reinstate the appeal and proceed to hear said cause as required by law. Costs awarded to appellant.

Rice, C. J., and McCarthy and Dunn, JJ., concur.