(April 28, 1926.)

FIRST BANK OF HOMEDALE, a Corporation, Appellant, v. A. W. McNALLY, Respondent.

[246 Pac. 5.]

JUSTICES OF THE PEACE—PLEADINGS IN JUSTICES' COURTS—DEMURRER—
BILLS AND NOTES — EFFECT OF ASSIGNMENT OF WORTHLESS PAPER
AS PAYMENT—FAILURE OF CONSIDERATION.

1. Where district court on appeal from justice court ruled that demurrer to complaint should have been sustained, plaintiff, in view of C. S., sec. 7181, was entitled to file amended complaint.

2. Under C. S., sec. 7072, great liberality is allowed in pleadings in justices' courts.

3. Where any portion of complaint in action on note in justice court states cause of action, it is not open to general demurrer.

4. Complaint in action on note in justice court, alleging execution and delivery of note and setting out copy of the note with allegations that plaintiff was owner and that note was due and unpaid, *held* sufficient as against general demurrer, although motion to strike portions of complaint or demurrer for uncertainty might lie as to allegations relative to surrender of note to defendant for consideration of land certificate, which had been canceled and was worthless, with subsequent demand for return of note.

5. Where land sale certificate, assigned by maker of note in payment thereof, was worthless because canceled before assignment, there was total failure of consideration, and note was still enforceable.

6. Assignment of worthless land sale certificate as consideration for return to maker of note is insufficient to constitute payment.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action on a promissory note. Judgment for defendant. *Reversed.*

S. Ben Dunlap, for Appellant.

The maker of a note will not be discharged by a surrender or a cancelation which is the result of fraud, duress or mistake. (*Banks v. Marshall,* 23 Cal. 223; *Manufacturers' Nat. Bank v. Thompson,* 129 Mass. 438, 37 Am. Rep. 376; *Blodgett v. Bickford,* 30 Vt. 731, 73 Am. Dec. 334.)

Respondent's liability was on the note and the complaint stated a cause of action against him. (*Banks v. Marshall, supra; Blodgett v. Bickford, supra.*)

"Whenever one party has in his possession money, which in equity and good conscience belongs to another, the law raises a promise upon his part to repay it." (*Milner v. Pelham,* 30 Ida. 594, 166 Pac. 574.)

"Money paid out under a mistake of fact may be recovered, if it was not due or payable and in good conscience ought to be returned." (*Rohn v. Gilmore,* 37 Ida. 544, 217 Pac. 602; *Keller v. Hicks,* 22 Cal. 457, 83 Am. Dec. 78; *Meyer v. Richards,* 163 U. S. 385, 16 Sup. Ct. 1148, 41 L. ed. 199; Benjamin on Sales, 4th Am. ed., secs. 600–607; *Utley v. Donaldson,* 94 U. S. 29, 24 L. ed. 54; *Flandrow v.*

Publisher's Note.

2. See 16 R. C. L. 376.
3. See 21 R. C. L. 514.
4. See 3 R. C. L. 1337.

See Bills and Notes, 8 C. J., sec. 798, p. 574, n. 80 New; sec. 1365, p. 1057, n. 99.

Contracts, 13 C. J., sec. 242, p. 368, n. 94.

Justices of the Peace, 35 C. J., sec. 228, p. 616, n. 23; sec. 236, p. 625, n. 12; sec. 532, p. 815, n. 4; sec. 560, p. 834, n. 95 New.

*Hammond,* 148 N. Y. 129, 42 N. E. 511; *Wood v. Sheldon,* 42 N. J. L. 421, 36 Am. Rep. 523; *Gregory v. Clabrough's Exrs.,* 129 Cal. 475, 62 Pac. 72; *Prowinsky v. Second Nat. Bank,* 265 Fed. 1003, 12 A. L. R. 358; 2 R. C. L., p. 784, sec. 38; *Hathaway v. County of Delaware,* 185 N. Y. 386, 113 Am. St. 909, 78 N. E. 153, 13 L. R. A., N. S., 273; *Thresher v. Lopez,* 52 Cal. 219, 198 Pac. 419.)

Upon appeal, a judgment which is not supported by the pleadings and findings will be reversed. (*Davis v. Devanney,* 7 Ida. 742, 65 Pac. 500.)

Walter Griffiths, for Respondent.

There are no facts stated in the complaint which in law will constitute actionable fraud and there are no facts stated in the complaint which would constitute such a mistake as a court of equity would correct by undoing acts completed by the parties. (*Moffett, Hodgkins & Clarke E. Co. v. City of Rochester,* 91 Fed. 28, 33 C. C. A. 319; *New York Life Ins. Co. v. Chittenden & Eastman,* 134 Iowa, 613, 120 Am. St. 444, 13 Ann. Cas. 408, 112 N. W. 96, 11 L. R. A., N. S., 233; 21 R. C. L. 167–170.)

JOHNSON, Commissioner.—This is an action, originally instituted in the justice court at Homedale in Owyhee county by the appellant, to recover from respondent on a promissory note executed by the latter in favor of appellant for the principal sum of $190, dated February 21, 1922, and due October 15, 1922. For convenience we shall hereafter refer to the parties as plaintiff and defendant.

The defendant in the justice court filed a general demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was overruled. The defendant also moved for a change of venue which was denied. He also filed what is termed a "protest and objection and answer." The cause was tried by the justice and judgment was entered in favor of the plaintiff for the sum of $285.77. The defendant appealed from said judgment to the district court, the appeal being taken "upon

questions of both law and fact.'' A stipulation was signed by the attorneys for both parties agreeing that the cause should be transferred for trial from the third judicial district in and for Owyhee county to the seventh judicial district in and for Canyon county. This was done on account of the convenience of witnesses and was approved by the judge of the third judicial district who signed an order transferring the case. The cause was tried by the court without a jury, and judgment rendered in favor of the defendant and costs fixed at $35. From this judgment plaintiff appeals.

The complaint as originally filed in the justice court was never amended, and the pleadings remained the same as in the justice court. The court filed its findings and conclusions. The closing paragraph of the court's findings of fact, numbered VII, is as follows: ''That defendant's demurrer to plaintiff's complaint should have been sustained, and that judgment for defendant should be entered.'' Why the court made this ruling as a finding of fact is not apparent from the record.

C. S., sec. 7181, provides that: ''When a party appeals to the district court on questions of fact, or on questions of both law and fact, no statement need be made, but the action must be tried anew in the district court.''

This court in the case of *Chase v. Hagood,* 3 Ida. 682, 34 Pac. 811, in conclusion, used the following language: ''As the statute provides that where appeal is taken from probate or justice's court to the district court on both law and fact, there shall be a trial *de novo* in the latter court, and either party shall be entitled to any and all objections and exceptions taken in the lower court, *we cannot consider anything anterior to the proceedings in the district court.''*

[1] If the district court by this finding that the demurrer should have been sustained was intending to rule on the demurrer, then the plaintiff was entitled to file an amended complaint.

[2] Great liberality is allowed in pleadings in justices' courts. C. S., sec. 7072, provides that pleadings in justices'

courts "are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." Measured by this standard it is not difficult to understand what was intended. In any event the defendant should have presented his demurrer and had a ruling from the court in advance of the introduction of evidence. The complaint does allege the corporate existence of the plaintiff. It alleges that "the defendant, for value received, made, executed, and delivered to the plaintiff his certain promissory note," and follows this allegation with a copy of the note. It also alleges that the plaintiff is now the lawful owner and holder of said note, and that the same is now due, owing and unpaid from defendant to plaintiff. It also alleges that forty dollars is a reasonable sum to be allowed plaintiff as attorney fees, and prays for judgment.

[3] If any portion of the complaint states a cause of action it is not open to a general demurrer. [4] The other matters in the complaint are not alleged with the care usually exercised in district court proceedings, but it is clearly apparent that the defendant before the maturity of the note assigned and delivered to the plaintiff a land sale certificate by which the state agreed to sell certain described lands in Owyhee county; that at the time the defendant and his wife executed said assignment the said certificate had been canceled by the state land board for nonpayment of the deferred payments of principal and interest thereon, and was entirely worthless and valueless, all of which was well known to the defendant; that the plaintiff believing the certificate a valid certificate and contract of sale accepted the same and delivered to the defendant the note; that within a few days after the acceptance of said assignment and delivery of the note to the defendant, the plaintiff discovered that said certificate was valueless and had been canceled, and immediately made demand upon defendant for return of said note, and offered to deliver back to defendant the certificate; that the plaintiff is now ready and willing to deliver to defendant the said certificate and make any

assignment thereof that may be requested or required by said defendant.

It will be observed that it is not alleged that the defendant failed to return the note to the plaintiff upon demand, but the complaint does specifically allege, as heretofore stated, "that the plaintiff is now the lawful owner and holder of said note."

A motion to strike portions of the complaint, or a demurrer for uncertainty, might lie to said complaint, but we believe it sufficient as against a general demurrer.

The evidence was along the lines of the allegations of the complaint, but the defendant denied that he knew at the time he assigned the certificate to the plaintiff that it had already been canceled. He, however, acknowledged receiving from the proper officer of the state a letter under date of March 1, 1922, notifying him that "unless payment on the above mentioned land sale certificate is made within sixty days from the first day of March, 1922, either by draft, cashier's check, or certified check, postal or express money order, or unless the inclosed application for bond, and the bond, be properly executed and returned to this defendant in accordance with House Bill No. 102, as passed by the legislature on March 1, 1921, the state board of land commissioners will declare your rights in said land forfeited and your certificate and contract annulled, as provided by Sec. 2916, Compiled Statutes of Idaho."

He replied to this letter, on April 29th, as follows:

"Your letter about the land that I hold No. 15348, I think I have got enough improvements to justify a little time on the payment. When the crop wont begin to pay the water I cant see where the State is to get their pay. I have got this land all under cultivation a well that cost $1100 house barn granery. I would not sign a bond for any won & wouldn't ask them to do so for me I paid Harry McGregor $2200 cash for what he had done on the land that is the man that I bought from hoping that you can see fit to extend the payment.

"Yours, A. W. McNALLY,
"Homedale, Idaho."

He also acknowledged receiving the following letter from the state, dated May 1st:

"In reply to your letter of April 30th, it is not a matter of the amount of improvements that you have put on land that is covered by sale certificates, but this Department is compelled to follow the law and that is that the payment on sale certificates becomes due on January 1st of each year and are subject to cancelation after 60 days. But, on account of the financial condition for the past year or two, the Legislature provided a bill to permit the Department to carry the payment until November 1st, 1922, providing a bond is given to protect such payment. For that reason you can see the necessity of either making the payment or executing a bond, otherwise, we must consider the certificate delinquent after date."

On August 3, 1922, the state board of land commissioners canceled defendant's certificate of sale, and notice of cancelation was mailed to defendant on August 12, 1922. There is no evidence that the defendant was requested to go to the plaintiff's bank or that the officers of the bank ever asked him to transfer the certificate of sale, which was held by them as security for the note, in payment of the note, but in any event he went to the bank on August 17, 1922, several months before his note became due, and offered to assign the certificate to the bank in payment of his note. He did not inform the bank that the certificate was canceled and claims that he did not at that time know that it had been canceled. He also claims that some conversation occurred in the bank about the deferred payments but he did not show the letters he had received from the state officers or say anything about having received any such letters. That the officers of the plaintiff bank did not know that the certificate had been canceled, and did not find out that said certificate had been canceled is undisputed and undenied. The evidence is, therefore, clear that the defendant received from the plaintiff his note in exchange for a worthless piece of paper.

42 Idaho—29

[5]    The land certificate when canceled was no longer of any force or effect. It is null and void. Its consideration has wholly failed. It cannot be used for the purpose for which it issued. It is but a worthless similitude of a certificate of sale and has no value whatever. The plaintiff received nothing whatever in payment of the defendant's note. There is a total failure of consideration from the seller of such certificate since the plaintiff did not in fact receive a valid certificate of sale it supposed it was buying but only a piece of worthless paper.

This case comes clearly within the principle announced by this court in the case of *Milner v. Pelham,* 30 Ida. 594, 166 Pac. 574. In that case, Budge, C. J., stated: "The principle involved is the one which lies at the very foundation of all *quasi*-contractual obligations, and is based primarily upon questions of equity and good conscience. Whenever one party has in his possession money which in equity and good conscience belongs to another, the law raises a promise upon his part to repay it."

Again, in the case of *Rohn v. Gilmore,* 37 Ida. 544, 217 Pac. 602, this court held that money paid under a mistake of fact may be recovered if it was not due or payable and in good conscience ought to be returned.

[6]    The status of the defendant has not been changed by the assignment of the certificate of sale, since he had no interest that could be assigned, and he therefore did not alter his position to his prejudice. No claim is made that the plaintiff bank intended to make a gift to the defendant of the note. No defense is offered to the note except a claim of payment, and the turning over of a worthless piece of paper is not a sufficient consideration to constitute a payment.

The supreme court of California in the case of *Banks v. Marshall,* 23 Cal. 223, held that if a promissory note is surrendered up by mistake, under the supposition that it is fully paid, yet if not fully paid the defendant is still liable for the balance due.

The evidence does not support the findings, conclusions and judgment for the reasons stated. The judgment should therefore be reversed.

William A. Lee, C. J., and Budge and Givens, JJ., concur.

Wm. E. Lee and Taylor, JJ., did not sit.

PER CURIAM.—The foregoing is hereby adopted as the opinion of the court, and the judgment of the trial court is reversed, with costs awarded to appellant.