(No. 4969.   October 2, 1928.)

R. E. JOSLIN and H. K. LOVELAND, Copartners Doing Business Under the Firm Name and Style of JOSLIN & LOVELAND, Respondents, v. UNION GRAIN & ELE-VATOR COMPANY, a Corporation, Appellant.

[270 Pac. 1056.]

Holden & Coffin, for Appellant.

James S. Byers, for Respondents.

BAKER, Commissioner.—The plaintiffs instituted this action in the probate court of Jefferson county to recover a sum alleged to be due to them for services rendered in purchasing wheat for the defendant. By answer filed on the date the suit was commenced the defendant denied generally the allegations of the complaint. On the date fixed for trial in the probate court defendant filed its demand and motion for change of venue and transfer of the cause to the district court of that county upon the ground that it could not have a fair and impartial trial by reason of the prejudice of the probate judge. There was no other appearance in the probate court by the defendant. The docket of the probate court recites that the defendant did not appear at the time fixed for the trial and after waiting one hour the motion for change of venue was disregarded for failure to prosecute, the default of the defendant for failure to appear at the trial was entered, followed by judgment in favor of the plaintiffs for the full amount claimed.

The defendant appealed, on questions of both law and fact, to the district court. In that court the decision of the probate court on the demand for change of place of trial was not complained of, presented to or considered by the court. Without questioning in any manner the ruling of the probate court and without calling the demand to the attention of the trial court and there obtaining a review of the decision of the probate court, the defendant filed its answer denying some of the allegations of the complaint and a cross-complaint by which it sought to recover judgment against plaintiffs for the value of wheat purchased by them with defendant's funds but which they had not delivered. Upon motion of plaintiffs the cross-complaint was stricken upon the ground that it presented issues differing from those made in the probate court. The trial proceeded upon the original complaint filed in the probate court and

the answer filed in the district court. The defendant appeals from adverse judgment entered in that court.

In its assignments of error appellant contends the probate court erred in denying the motion for change of venue and that the district court on appeal should have reversed the judgment of the probate court on this question of law. The remaining assignments relate to the order striking the cross-complaint filed in the district court and the refusal of that court to permit defendant to make proof of the matters charged in the cross-complaint.

▮ Two long established and consistently followed rules preclude consideration of assignment based upon the refusal of the probate court to grant a change of venue. This court will not directly review a decision of a probate or justice's court in an action appealed to the district court. The decision of such courts will be reviewed here only by reviewing the decision of the district court. This court will consider nothing anterior to the proceeding in the district court. (*Chase v. Hagood,* 3 Ida. (Hasb.) 682, 34 Pac. 811; *Elliott v. Rising,* 36 Ida. 137, 209 Pac. 887; *First Bank of Homedale v. McNally,* 42 Ida. 443, 246 Pac. 5.) Whether the probate court was right or wrong in the disposition made of the demand was a question not presented or considered on the appeal, and cannot, therefore, be reviewed here. (*Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608; *Grant v. St. James Min. Co.,* 33 Ida. 221, 191 Pac. 359; *Dahlstrom v. Walker,* 33 Ida. 374, 194 Pac. 847; *Hurt v. Monumental Mercury Min. Co.,* 35 Ida. 295, 206 Pac. 184.)

▮ The assignment that the court erred in striking the cross-complaint is also based upon the proposition that the probate court erred in denying the demand for change of venue. On an appeal to the district court on questions of both law and fact the action is tried anew (C. S., sec. 7181) on issues made in the probate or justice's court. While defects in matters of form may be corrected by amendments made in the district court new issues cannot be raised. (*Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825; *Albinola v. Horning,* 39 Ida. 515, 227 Pac.

1054.) Appellant seeks to avoid this rule by contending that its demand for change of venue should have been granted, the cause transferred to the district court where amendments could have been made as if the action had been instituted in that court, that the order of the probate court should be deemed corrected, though not overruled, and the action should be treated as though its motion had been granted. There was, however, no determination that the demand should have been granted and the cause transferred. The order of the probate court remains undisturbed. There has not been and cannot be in this court a consideration of the one question upon a favorable determination of which, under appellant's theory, its right to cross-complain in the district court depended. The parties treated the appeal as an ordinary appeal from a judgment. We must so regard it. So considered the actions of the trial court in striking the cross-complaint and in refusing to admit testimony in support thereof were proper.

It is recommended the judgment be affirmed, with costs to respondent.

The foregoing is approved as the opinion of the court; the judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.